# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK LA PENNA, ) | Case No. 3:10-cv-04665-FLW–DEA |
| PERSONAL REPRESENTATIVE OF ) | Hon. Freda L. Wolfson |
| THE ESTATE OF BARABRA LA ) | |
| PENNA, DECEASED, ) | **Return Date: November 15, 2010** |
| ) | **Oral Argument Requested** |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| SUN PHARMACEUTICAL ) | |
| INDUSTRIES INC. ) | |
| and ) | |
| CARACO PHARMACEUTICAL ) | |
| LABORATORIES, LTD., | |
| Defendants. | |

### BRIEF OF DEFENDANT CARACO PHARMACEUTICAL LABORATORIES, LTD. IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Beth S. Rose
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax: (973) 643-6500
brose@sillscummis.com

*Of Counsel:*
Brian N. Ramm
Ashley A. Weaver
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio  44113-1448
Telephone: (216) 583-7000
Facsimile: (216) 583-7001
bramm@ulmer.com
aweaver@ulmer.com

***Attorneys for Defendant Caraco Pharmaceutical Laboratories, Ltd.***

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 2

    A.    Sun Inc. Was Fraudulently Joined ........................................................... 2

           1.    Plaintiff Has No Evidence that Sun Inc. is the Alter Ego of Sun Limited ................................................................................. 3

           2.    Plaintiff Has No Evidence that Caraco is Dominated by Sun Inc ........................................................................................ 4

CONCLUSION .................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Continental Bankers Life Ins. Co. v. Bank of Alamo*,
    578 S.W.2d 625 (Tenn. 1979)..................................................................................................4

*Craig v. Lake Asbestos of Quebec, Ltd.*,
    843 F.2d 145 (3d Cir. 1988).....................................................................................................5

*Culbreath v. Amosa Ltd.*,
    898 F.2d 13 (3d Cir. 1990).......................................................................................................4

*Dewey v. Volkswagon AG*,
    558 F.Supp.2d 505 (D. N.J. 2008) .......................................................................................3, 6

*Gore v. Stryker Corp.*,
    2010 U.S. Dist. LEXIS 78597 (E.D. Pa. Aug. 4, 2010)...........................................................7

*In re Briscoe*,
    448 F.3d 201 (3d Cir. 2006).....................................................................................................2

*Mitsui O.S.K. Lines v. Continental Shipping Line Inc.*,
    2007 U.S. Dist. LEXIS 48216, *13-14 (D. N.J. Jun. 29, 2007)................................................4

*N.J. EPA v. Ventron Corp.*,
    468 A.2d 150 (N.J. 1983).....................................................................................................4, 5

*Pathfinder Mgmt., Inc. v. Mayne Pharma PTY*,
    2008 U.S. Dist. LEXIS 61081 (D. N.J. Aug. 5, 2008)..........................................................4, 5

*Pearson v. Tech. Component Corp.*,
    247 F.3d 471 (3d Cir. 2001).....................................................................................................5

*Trustees, Nat'l Elevator Indus. Pension Fund v. Lutyk*,
    332 F.3d 188 (3d Cir. 2003).....................................................................................................5

## INTRODUCTION

Plaintiff's Motion to Remand fails to demonstrate that Sun Inc. was properly joined in this suit. Defendant Caraco Pharmaceutical Laboratories, Ltd. ("Caraco") asks the Court to dismiss defendant Sun Inc. and retain jurisdiction over this matter.

The facts are quite simple.

- Caraco has admitted and provided affirmative, direct evidence that it is the *only* entity to have made and sold the Digoxin alleged to have harmed Plaintiff's wife.

- Caraco and Sun Inc. have also presented direct evidence that Sun Inc. owns no part of Caraco and Sun Inc. did not make or sell the Digoxin alleged to have harmed Plaintiff's wife. *See* Declaration of Robert Kurkiewicz (Exhibit A); Declaration of John L. Dauer, Esq. (Exhibit B).

- Plaintiff has provided no evidence that Caraco was incorporated with the intent to defraud potential creditors or that Caraco is not a viable, insured, and independent corporate entity.

- Plaintiff's evidence that an officer of Caraco at one time worked for Sun Inc. is irrelevant.

- Plaintiff's evidence that Caraco and Sun Inc. entered into two agreements completely unrelated to Digoxin is irrelevant.

As pointed out in Caraco's briefing on the motion to transfer venue, the doctrine of piercing the corporate veil has no application to this case. Plaintiff's efforts to keep this case in New Jersey amount to nothing more than impermissible forum-shopping.

## **ARGUMENT**

A. **Sun Inc. Was Fraudulently Joined.**

Caraco removed this case to federal court on the basis of diversity jurisdiction. While normally a case may not be removed when one defendant is a citizen of the forum state, an exception exists where that forum defendant was fraudulently joined. *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id.* at 216.

Plaintiff's assertions, without any evidence, that the "Defendants" (plural) manufactured Digoxin do not make it so. He offers nothing more than conjecture and supposition. His *attorney argument* that it is "highly likely" that Sun Inc. "facilitated … sales … [and] decision-making" related to "Caraco brand Digoxin" is also completely unsupported by any evidence. Defendants, on the other hand, have produced *evidence* establishing that Sun Inc. has no connection whatsoever to Digoxin or this dispute. *See* Declaration of Robert Kurkiewicz (Exhibit A); Declaration of John L. Dauer, Esq. (Exhibit B).

And, so, in the face of *uncontroverted evidence* that Sun Inc. had absolutely *no role* to play in the manufacture or distribution of the drug alleged to have harmed his wife, Plaintiff finally resorts to reliance on the relationships between Defendants Caraco and Sun Inc. and their parent corporation, Sun Limited. Plaintiff's attempt to keep Sun Inc. in this case and to keep this case in New Jersey is futile.

Plaintiff advances an entirely unsupportable theory for holding Sun Inc. liable in this matter. His theory requires a number of logical leaps. First, he argues that Sun Inc. is the "alter ego" of Sun Limited. Next, he posits that, as a result, Sun Inc. stands in the shoes of Sun Limited and should be deemed the parent of Caraco. He then argues that the Court should pierce Caraco's corporate veil to hold Sun Inc. potentially liable on Plaintiff's claims. Plaintiff's far-fetched position finds no support in fact or law and must be rejected out-of-hand.[1] In fact, one of Plaintiff's own cases dictates a contrary conclusion. *Dewey v. Volkswagon AG*, 558 F.Supp.2d 505, 515 (D. N.J. 2008) (whether two subsidiary companies share a common parent is completely irrelevant to piercing the corporate veil between the two subsidiaries).

1. <u>Plaintiff Has No Evidence that Sun Inc. is the Alter Ego of Sun Limited.</u>

The first maneuver in Plaintiff's contortionist routine is to show that Sun Inc. is merely the alter ego of Sun Limited. This, he cannot do.

The only "evidence" he provides is this: Caraco and Sun Limited share one director, Mr. Shanghvi. He also points out that one executive, Mr. Doshi, has alternately served either Caraco or Sun Inc. over the past 10 years. There is no evidence that Mr. Doshi's roles at Caraco and Sun Inc. even overlapped. More importantly, neither fact relates in any way to the relationship between Sun Inc. and Sun Limited.

The law he relies on also fails to support his position. *Dewey* and *Patent Incentives* involved whether a subsidiary may be served with process to gain jurisdiction over a non-reachable parent corporation. *Carfagno* and *Pfundstein* address whether

---

[1] The evidence is so lacking, it could just as easily be argued that Caraco controls Sun Limited and Sun Inc., as well, which would vitiate Plaintiff's entire argument that Sun Inc. is a proper defendant here.

3

personal jurisdiction may be obtained over a parent by the forum-based activities of its subsidiary.

Without any relevant evidence or supporting case law, Plaintiff cannot support a finding that Sun Inc. is the alter ego of Sun Limited, the necessary first step in Plaintiff's contorted argument. His argument that Sun Inc. should be held liable for Caraco's potential debts also fails.

2. Plaintiff Has No Evidence that Caraco is Dominated by Sun Inc.

It is one of the "first principles" of American law that the owners of a corporation - whether those owners be individuals or corporations themselves - are not liable for the debts of the corporation. *E.g., Piercing the Corporate Veil*, Stephen B. Presser (2010), § 1:1. In fact, a primary and entirely legitimate reason for incorporating is to insulate the owners of a business from the liabilities of the corporate entity. *Pathfinder Mgmt., Inc. v. Mayne Pharma PTY*, 2008 U.S. Dist. LEXIS 61081, *14 (D. N.J. Aug. 5, 2008) (citing *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 149 (3d Cir. 1988)). Piercing the corporate veil is, accordingly, "reserved for extraordinary circumstances" and, so, the burden is "notoriously difficult" to meet. *Mitsui O.S.K. Lines v. Continental Shipping Line Inc.*, 2007 U.S. Dist. LEXIS 48216, *13-14 (D. N.J. Jun. 29, 2007).

Plaintiff must establish the corporate form has been so severely abused or completely abandoned that the parent dominates the subsidiary *and* uses it to perpetrate fraud, accomplish injustice, or circumvent the law. *N.J. EPA v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983); *see also Continental Bankers Life Ins. Co. v. Bank of Alamo*, 578 S.W.2d 625 (Tenn. 1979) (plaintiff must show dominance, fraud, *and* proximate cause). He must meet a "threshold showing that the controlled corporation acted robot- or puppet-like in mechanical response to the controller's tugs on its strings or pressure on its

4

buttons." *Culbreath v. Amosa Ltd.*, 898 F.2d 13, 15 (3d Cir. 1990).  He must prove his case by clear and convincing evidence.  *Trustees, Nat'l Elevator Indus. Pension Fund v. Lutyk*, 332 F.3d 188, 194 (3d Cir. 2003).

Piercing the corporate veil depends first on a finding of dominance; only after there has been such a finding does one reach the fraud or injustice issue.  *Craig*, 843 F.2d at 149.  The Court should not pierce Caraco's veil unless it can be shown that Caraco is nothing more than a "legal fiction" that in "*all* aspects" acted as a single entity with Sun Inc.  *Pearson v. Tech. Component Corp.*, 247 F.3d 471, 485 (3d Cir. 2001) (emphasis added).

In fact:

> The control which a parent must exercise over a subsidiary so as to warrant piercing the veil between them is more than mere majority or complete stock control; instead it is complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own.

*Craig* at 150 (internal quotations omitted).

Plaintiff's evidence falls far short from establishing the "extraordinary circumstances" required to pierce the corporate veil.  As mentioned above, the fact that Mr. Doshi has alternately served on the boards of Caraco and Sun Inc. is entirely innocuous.  The New Jersey Supreme Court has unequivocally held that overlapping directors or executives is not nearly enough to show the parent completely dominates the subsidiary.  *Ventron*, 468 A.2d at 155 (reversing lower court's decision to pierce where there was no showing of dominance, even where *all* directors of the subsidiary were officers of the parent); *see also Pathfinder*, 2008 U.S. Dist. LEXIS at *16.

5

Plaintiff's reliance on two agreements entered into between Caraco and Sun Inc. is also unavailing. Notably, Plaintiff makes no argument that these agreements had anything to do with the drug at issue here (what even Plaintiff herself repeatedly and consistently refers to as "Caraco brand" Digoxin). If Plaintiff had made a good faith effort to determine the substance of these agreements, he quickly would have determined they have nothing to do with Digoxin.

The December 2004 manufacturing and supply agreement provided that Caraco would manufacture a product for Sun Inc. Sun Inc. has already stated - through its declarant John Dauer - that it never sold Digoxin. So, Plaintiff cannot have any good faith basis for arguing that the 2004 agreement involved Digoxin. It did not. Similarly, the January 2005 distribution and sales agreement is irrelevant. It related to Caraco's distribution of various products for Sun Inc. Because Sun Inc. has stated that it never made Digoxin, Plaintiff cannot believe that the 2005 agreement ties Sun Inc. in any way to the present dispute. These agreements cannot serve to render Sun Inc. liable for any alleged wrongdoing related to Digoxin.

Moreover, these agreements are nothing more than arms-length transactions that could have been entered into by any two separate corporate entities. To hold that such agreements could subject one party to the contract to liability on allegations relating to the other party's conduct which is wholly separate and apart from the obligations undertaken pursuant to the contract is unsupported by any law. Indeed, one of Plaintiff's own cases counsels the opposite result. *Dewey v. Volkswagon AG*, 558 F.Supp.2d 505, 515 (D. N.J. 2008) (no finding of control or dominance where two subsidiaries of a shared parent merely entered into a supply agreement with each other). In *Dewey*, the

6

court required evidence that the agreement between the subsidiary and parent provided explicitly that the subsidiary had *no* power to operate on its own - it could not modify the products it sold, it could not train its own personnel, and it could not dictate payment terms with its own customers. There is *no* evidence that those same facts exist here.

Plaintiff's attempt to divert the Court from the proper inquiry by focusing on whether this Court possesses personal jurisdiction over Defendants also fails. The answer to that question is irrelevant. *See Gore v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 78597, *12-13 (E.D. Pa. Aug. 4, 2010) (venue was not convenient in plaintiff's chosen forum simply because pharmaceutical defendant sold its products there).

Finally, Plaintiff offers *no* evidence or even argument that some sort of fraud or injustice is being perpetrated here. This failure is merely one more reason why his argument should be rejected.

## **CONCLUSION**

Plaintiff has no good faith basis for suing Sun Inc. Rather, she joined it solely so she could sue in New Jersey. This amounts to forum shopping, plain and simple. Where, as here, Plaintiff has sued the proper party in interest - Caraco and that party admits that it made and sold Digoxin, there is no need to - in fact, no basis for - suing Sun Inc. Sun Inc. should be dismissed with prejudice and Plaintiff's Motion to Remand should be denied.

Respectfully submitted,

Dated: October 29, 2010    By:    /s/ Beth S. Rose
Beth S. Rose
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax: (973) 643-6500
brose@sillscummis.com

*Of Counsel:*
Brian N. Ramm
Ashley A. Weaver
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio  44113-1448
Telephone: (216) 583-7000
Facsimile: (216) 583-7001
bramm@ulmer.com
aweaver@ulmer.com

***Attorneys for Defendant Caraco Pharmaceutical Laboratories, Ltd.***

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of Caraco Pharmaceutical Laboratories, Ltd.'s Opposition Brief was served via the Court's ECF system on October 29, 2010, upon:

Tayjes Shah
Sherman Building
108 Railroad Ave.
Orange, VA 22960

*Attorneys for Plaintiff.*

On this same date, service by Overnight delivery was made upon:

Peter Miller
THE MILLER FIRM, LLC
2 Bala Plaza, Suite 603
Bala Cynwyd, PA 19004

*Attorneys for Plaintiff.*

I further certify that a courtesy copy of this Brief was served via Overnight delivery to the Honorable Freda L. Wolfson, U.S.D.J., United States District Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.

/s/ Beth S. Rose
Beth S. Rose